902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny W. SPIVEY, Petitioner-Appellant,
v.
Paul KAVANAUGH, Warden, Respondent-Appellee.
 No. 89-5564.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1990.
 
 Before MERRITT, Chief Judge, KRUPANSKY, Circuit Judge, JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner-appellant, Johnny W. Spivey (Spivey), has appealed from the district court's order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Spivey is currently incarcerated in the Frankfort Career Development Center at Frankfort, Kentucky serving a 20-year sentence.
 
 
 2
 On October 28, 1983, Spivey was indicted by a Kenton County Grand Jury on one count of second degree robbery in violation of KRS Sec. 515.030, one count of theft for the unlawful taking of property valued at more than $100 in violation of KRS Sec. 514.030, and one count of being a persistent felony offender (PFO) in the first degree in violation of KRS Sec. 532.080(3). The first degree PFO charge was anchored on a 1973 felony conviction in Estill County, Kentucky for possessing and uttering a forged instrument, and a 1978 felony conviction in Harrison County, Kentucky for breaking and entering. Spivey also had previous felony convictions in Estill County, Kentucky, 1982 and Orange County, Florida, 1982, which were not included in the indictment. On the advice of counsel, Norbet Gettys (Gettys), Spivey plead guilty to second degree robbery, KRS Sec. 515.030, and second degree PFO, KRS Sec. 532.080(3).[1] Spivey was thereafter sentenced to 5 years imprisonment for the robbery offense which was enhanced to 20 years by the second degree PFO conviction.
 
 
 3
 Spivey thereafter filed for post-conviction relief in state court, arguing that he was denied effective assistance of counsel in that Gettys failed to investigate the validity of the 1973 and 1978 convictions supporting the PFO charge. The Kentucky state courts denied his petition. After exhausting his state court remedies, Spivey proceeded pro se in the district court. The district court concluded that Spivey had made a trial strategy decision by pleading guilty to the second degree PFO rather than facing a conviction under a first degree PFO. The district court premised this conclusion on the fact that Gettys had properly advised Spivey of his various options to the charged offenses in that even if he successfully attacked the 1973 conviction, there still remained a valid 1978 conviction and two 1982 convictions which the prosecutor could elect to cite in order to meet the requirements of a first degree PFO charge. The district court concluded that Spivey made a knowing and voluntary decision to plead guilty to a second degree PFO charge which would make him eligible for parole in 4 years rather than face a possible first degree PFO conviction which carried a minimum 10-year sentence without parole.
 
 
 4
 On appeal, Spivey has argued that his sixth amendment right to counsel was denied due to Gettys's failure to exercise minimal diligence in investigating the circumstances of the predicate 1973 and 1978 felony convictions in the charged first degree PFO offense. Spivey has alleged that he informed Gettys that there were possible infirmities with both the 1973 and 1978 convictions. In fact, since his conviction in the instant case, Spivey's 1973 felony conviction has been overturned by a Kentucky state court because the record in that case did not demonstrate that his plea was given knowingly and voluntarily under Boykin v. Alabama, 395 U.S. 238 (1969).[2] In addition, Spivey has presented evidence indicating that the transcript of his guilty plea before the Harrison County Circuit Court in 1978 cannot be located. Consequently, Spivey has argued that a cursory investigation by Gettys would have revealed a strong basis on which to attack the validity of the two predicate felony convictions listed in the indictment supporting the first degree PFO charge.
 
 
 5
 In addition, Spivey has argued that Gettys failed to accurately inform him about Kentucky law relating to persistent felony offenders. Spivey has charged that Gettys informed him that the prosecutor was aware of the two 1982 convictions and the prosecutor had stated that if there was a challenge to the 1973 and 1978 felony convictions, the indictment would be amended to include the 1982 felony convictions. However, Gettys failed to inform Spivey that, pursuant to KRS Sec. 532.080(4), the 1982 convictions could be counted as one prior felony conviction for PFO purposes. Finally, Spivey has urged that Gettys incorrectly informed him that the maximum sentence for a first degree PFO was life imprisonment when in reality it was only 20 years. Given the totality of the erroneous legal advice given by Gettys, Spivey has claimed that he would not have plead guilty to the charged offenses contained in the indictment. See Hill v. Lockhart, 474 U.S. 52 (1985).
 
 
 6
 Upon review of Spivey's assignments of error, the record in its entirety and the briefs of the parties, this court concludes that the district court erred in dismissing the petition for habeas corpus without appointing counsel and conducting an evidentiary hearing. In view of Gettys's conduct and the erroneous explanation and advice given to Spivey, this court concludes that there was a sufficient showing of a sixth amendment violation to require the appointment of counsel and to accord Spivey an evidentiary hearing before ruling upon the petition for a writ of habeas corpus as it relates to the PFO conviction.
 
 
 7
 Accordingly, the denial of Spivey's habeas corpus petition as to the second degree PFO conviction is VACATED and the case is REMANDED to the district court for further proceedings consistent with this opinion. As to the robbery conviction, Spivey has made no showing that there was any defect relating to his guilty plea to that offense. As such, the denial of Spivey's habeas corpus petition charging error in the conviction for robbery in violation of KRS Sec. 515.030 is hereby AFFIRMED.
 
 
 
 [1]
 A persistent felony offender in the first degree is defined as a "person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies. KRS Sec. 532.080(3)
 A persistent felony offender in the second degree is defined as a "person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of one (1) previous felony. KRS Sec. 532.080(2).
 
 
 [2]
 In Boykin, the Supreme Court held that it was impermissible to presume from a silent record that a guilty plea was entered intelligently and voluntarily. "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." Boykin, 395 U.S. at 242. When a plea of guilty is entered in a state criminal trial, the defendant waives the federal constitutional rights to freedom from complusory self-incrimination, trial by jury, and confrontation of one's accusers. "We cannot presume a waiver of these three important federal rights from a silent record." Id